In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-24-00308-CR
_____

## ELTON MACK MAXIE JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 20557**

## MEMORANDUM OPINION

A grand jury indicted Elton Mack Maxie Jr. with murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02. Although Maxie initially pleaded "not guilty," he changed his plea to "guilty" during trial prior to the State resting its case. The trial court accepted Maxie's "guilty" plea and found him guilty of the offense as charged in the indictment. After hearing evidence on punishment, the jury returned a verdict of guilty rejecting Maxie's special issue of sudden passion, and the jury assessed

1

punishment at life in prison. The judgment reflects that the trial court sentenced Maxie in accordance with the jury's verdict. Maxie timely filed an appeal.

On appeal, Appellant's court-ordered attorney filed a brief stating that he has reviewed the case and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Maxie to file a pro se brief, and Maxie filed a pro se response.

The Court of Criminal Appeals has held that when a court of appeals receives an *Anders* brief and also a pro se brief, the appellate court has two choices. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). "It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;] [o]r, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We do not address the merits of each claim raised in an *Anders* brief or a pro se brief when we have determined there are no arguable grounds for review. *Id.* at 827.

Upon receiving an *Anders* brief, this Court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire

2

record, counsel's brief, and Maxie's pro se brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.


LEANNE JOHNSON
Justice


Submitted on June 17, 2025
Opinion Delivered June 18, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

---

[1] Maxie may challenge our decision in this case by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.